IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00873-WJM-KLM

APOGEE SCIENTIFIC, INC.,

Plaintiff,

v.

TEKRAN INSTRUMENTS CORPORATION, and
TSI, INCORPORATED,

Defendants.

## (PROPOSED) STIPULATED PROTECTIVE ORDER

Plaintiff Apogee Scientific, Inc. ("Plaintiff") and Defendants Tekran Instruments Corporation, and TSI, Incorporated (collectively, "Defendants") (Plaintiff and Defendants are hereinafter collectively referred to as "the Parties") have requested entry of an Order under Rule 26 of the Federal Rules of Civil Procedure ("Federal Rules") to protect confidential information during discovery and trial. The court has determined that it is appropriate to enter such an Order for that purpose. It is therefore ORDERED as follows:

1.     The confidentiality provisions of this Order shall apply to all deposition transcripts, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules, as well as testimony adduced at trial, matters in evidence, and any other information that a Party may designate as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" in connection with this action.

2. *Disclosing Party, Producing Party, Receiving Party, or Non-Party.* The terms "Disclosing Party" and "Producing Party" (in their singular and plural forms) refers to a Party who is disclosing or producing "CONFIDENTIAL INFORMATION", as that term is defined in paragraph 4, or information or documents that are "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY", as that term is identified in paragraph 5. The term "Receiving Party" (in a singular or plural form) refers to a Party who is inspecting or receiving "CONFIDENTIAL INFORMATION", as that term is defined in paragraph 4, or information or documents that are "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY", as that term is identified in paragraph 5. The term "Non-Party" (in a singular or plural form) refers to a person or entity not a Party to this action who may disclose or produce information, *e.g.*, in response to a subpoena.

3. Any Party to this action, and any Non-Party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contains "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information as set forth below. Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action ("Protected Information").

4. As used in this Stipulated Protective Order, the term "CONFIDENTIAL INFORMATION" means material information or information not generally known to the public that the Producing Party or Disclosing Party or Non-Party in good faith believes to incorporate sensitive business or commercial information, know-how, proprietary data, private or personal information, or information that by contract, other agreement, or judicial order the Producing Party or Disclosing Party is restricted or prohibited from producing or disclosing unless it is designated as "CONFIDENTIAL INFORMATION" or its equivalent.

5. As used in this Stipulated Protective Order, the term "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" means "CONFIDENTIAL INFORMATION" that is competitively sensitive to the Producing Party or Non-Party or competitively useful to the Receiving Party, such as trade secrets, that are not alleged to have been misappropriated; proprietary pricing information; proprietary marketing information; proprietary customer lists (including current and prospective customers); proprietary financial and accounting information; information or documents that by contract, other agreement, or judicial order the Producing Party or Disclosing Party is restricted or prohibited from producing or disclosing unless it is designated as "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or its equivalent, or other proprietary licensing or contractual information that has been designated by Producing Party as "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY".

6. Any Party, and any Non-Party from whom discovery is sought in connection with this action, may designate a document, thing, material or information as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" by

providing, if possible, a designation on each page thereof or by identifying, in writing, such thing, material or information as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY". The "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" designation will be made in good faith and will be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data or information, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, "CONFIDENTIAL INFORMATION" that is protected by a legally protected right of privacy, or that by contract, other agreement, or judicial order the Producing Party or Disclosing Party is restricted or prohibited from producing or disclosing unless it is designated as "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or its equivalent.  Upon request of the Receiving Party, any Producing Party designating as "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" confidential information that is protected by a legally protected right of privacy, contract, other agreement, or judicial order will identify the legally protected right of privacy, contract, other agreement, or judicial order.

      7.     A designation of "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" by any Party or Non-Party has no evidentiary value, and is not admissible by one Party against the other for any purpose.

      8.     Until and unless the Court rules otherwise, documents, things, material and information marked or otherwise designated as "CONFIDENTIAL INFORMATION" shall be maintained in confidence by the Party, or other person or entity identified in this paragraph to which such material is produced, and shall not be disclosed to any person or entity except to:

      a.      officers, directors, managers and/or employees of a Party who have a need to know the information in connection with this lawsuit;

      b.      counsel of record for the respective Parties, and the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel;

      c.      outside consultants/experts who are not officers, directors, employees, or shareholders of a Party, who have been retained in connection with this action, pursuant to paragraph 10;

      d.      the Court and its employees (including court reporters, persons operating video equipment at depositions, translators, and any special master appointed by the Court) whose function requires them to have access to material designated as "CONFIDENTIAL INFORMATION" under this Stipulated Protective Order;

      e.      employees of Service Bureaus involved solely in one or more aspects of organization, translation, copying, filing, coding, converting, storing, or retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support pursuant to paragraph 13; and

      f.      any other person as to whom the Parties must first agree.

9.      "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information shall not be disclosed to any person except to those identified in paragraphs 8(b)-8(f).

## DEFINITIONS

10.      *"Outside consultants/experts"* means persons who are not employed by the Receiving Party and who are retained by a Party or its attorneys of record in this litigation for the

purpose of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of **Exhibit A** attached hereto.

11. *"Service Bureau"* means a company that:

   a. is independent of the Parties, but a company will not be deemed non-independent solely because it does business, regularly or sporadically, with a Party;

   b. is engaged by attorneys of record to perform clerical-type services in connection with this litigation, *e.g.,* photocopying, imaging, computer data entry, and the like, or jury consultation services; and

   c. has executed an undertaking to be bound by the provisions of this Order in substantially the form of **Exhibit A** attached hereto, including the specific undertaking to have its employees who have access to Protected Information sign a document in substantially the form of **Exhibit A** attached hereto agreeing not to use or disclose such information.

### DESIGNATION AND IDENTIFICATION OF INFORMATION

12. *Preliminary designations.* Information disclosed or documents produced prior to the entry of this Stipulated Protective Order that has been designated by the Producing Party as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall be treated as so designated provided that the Receiving Party has agreed to such designation. Evidence of such agreement may be preserved in copies of e-mail transmissions or other writings. Copies of documents or information produced pursuant to such an agreement shall be labeled as provided in paragraph 13 and labeled copies shall be produced to the Receiving Party within thirty (30) days of entry of this Stipulated Protective

Order. Unlabeled copies of the information or documents shall be returned or destroyed in the manner set forth in paragraph 23 governing "Inadvertent Disclosure".

13. *Labeling of documents.* Information being designated as Protected Information that is in documentary or other tangible form shall be labeled by the Producing Party, prior to its production, to reflect its designation as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY", as appropriate. If the documents are produced in the form of electronic or magnetic media, the producing source shall place a stamp, label or other clear designation on the disc or tape containing the Protected Information. [KLM]

14. *Designation of other disclosures.* Information being designated as Protected Information that is not in documentary or other tangible form or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the Receiving Party at the time of production.

15. *Preliminary designation of documents being inspected.* If a Producing Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY". Thereafter, on selection of specified documents for copying by the Receiving Party, the Producing Party shall mark either the original documents or the copies of such documents as may contain Protected Information with the appropriate confidentiality marking at the time the copies are produced to the Receiving Party.

16. *Designation not determinative.* Designation of documents or other specified information as Protected Information by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

17. *Challenges to confidentiality designations.* A Party shall not be obligated to challenge the propriety of a designation of information as Protected Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any Party to the action disagrees at any stage of the proceedings with such a designation, that Party shall provide to the Producing Party written notice of its disagreement. For all such disputes, if any, the Parties shall proceed pursuant to D.C.COLO. L. Civ. R. 37. The burden of proving that the information has been properly designated as Protected Information is on the Party making such designation.

18. *Designation of deposition testimony.* The following procedures shall be followed if Protected Information of a Producing Party is discussed or disclosed in a deposition:

    a.    The Producing Party shall have the right to exclude from attendance at the deposition, during such time as the Protected Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and qualified persons as identified in paragraphs 8 and 9. For the avoidance of doubt, the deponent must be a qualified person who has signed a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto.

    b.    The Protected Information shall be designated as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" at the request of counsel for the Producing Party (or, if the Protected Information is produced by a

Non-Party, at the request of counsel for the Non-Party or counsel for the Party disclosing the information or questioning the witness about it).

    c.    If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains Protected Information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained. If the deposition is recorded on video, the designation shall also be placed on the DVD, CD-ROM, videocassette or other video recording container. Counsel retaining personnel to make the video recording shall have the responsibility for ensuring their compliance with this subparagraph.

    d.    Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a copy of the transcript of the deposition. During this 30-day period, all deposition transcripts and the information contained therein shall be deemed "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY". The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Protected Information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.

## PROCEDURE FOR DISCLOSURE

19. Access to Protected Information disclosed to a Receiving Party shall be limited to qualified persons as identified in paragraphs 8 and 9 except with the prior written agreement of the Producing Party.

20. The following procedure shall be followed for any disclosure of information as to which prior notice to the Producing Party is required under paragraphs 8(b), (d) or (f):

  a. By e-mail transmission with confirmation by overnight mail, counsel for the Receiving Party shall (i) notify counsel to the Producing Party in writing of its intention to make such disclosure ten (10) court days before the intended disclosure; (ii) specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made, including a *curriculum vitae* of such person; (iii) identify the particular information proposed to be disclosed; (iv) specify the reasons why the proposed disclosure is believed to be necessary; and (v) provide to the Producing Party at the time of notice under this paragraph, a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto that has been signed by the person to whom disclosure shall be made.

  b. If the Producing Party makes a written objection setting forth in detail the grounds for such objection within the 10-day period and the objection is not resolved between counsel within five (5) court days thereafter, the Party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution pursuant to MJ Mix's discovery procedures.

  c. If the dispute over the proposed disclosure is submitted to the Court by oral or written motion, the Party objecting to disclosure of the information shall have the burden of persuasion.

10

21. *Disclosure in certain circumstances.* Nothing in this Order shall preclude any Disclosing Party or its attorneys from disclosing or using, in any manner or for any purpose, any information or documents from the Disclosing Party's own files that the Disclosing Party has designated as Protected Information.

22. *Restrictions on use.* Disclosure of information designated as Protected Information shall be solely for the purposes of resolving this lawsuit between the Parties; information so disclosed shall not be used for any other purpose. Parties or persons receiving the information in question are prohibited from disclosing it to any other person or entity except in conformance with this Order.

## OTHER PROVISIONS

23. *Inadvertent Disclosure of Protected Information.* The inadvertent or unintentional disclosure or failure to designate documents or material as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Upon learning of an inadvertent or unintentional disclosure of Protected Information, the Producing Party shall provide notice to the Parties, Non-Parties, or other persons or entities who have received such Protected Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation. During this ten-day period, the information may not be used in a manner inconsistent with such notice. Upon receipt of properly re-designated documents, counsel for the Receiving Party shall, within ten (10) business days, either return to counsel for the Producing Party, at the Producing Party's

expense, all versions of that information that were not so designated or certify in writing that all versions of that information including without limitation any physical or electronic copies have been destroyed.

24. *Documents subject to the attorney-client privilege or work product immunity.* To facilitate discovery, the Parties or their counsel may agree to make documents available for inspection by counsel for the Receiving Party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both. Neither the production for inspection of documents and things by the Producing Party nor the inspection of such documents and things by the Receiving Party shall constitute a waiver of the attorney-client privilege or work product immunity. After inspection, the Producing Party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the Producing Party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose, subject to further order of the Court.

25. *Inadvertent production or disclosure of documents subject to the attorney-client privilege and/or work product immunity.* Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or both shall not constitute a waiver of, nor a prejudice to, any claim that such documents or related material are privileged or protected by the work product immunity, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall upon request promptly be returned to the Producing Party. No use shall be made of such documents during deposition or at trial,

nor shall they be shown to anyone who has not previously been given access to them subsequent to the request to return them. If the Parties are unable to reach agreement within ten (10) days of such notice, the Producing Party may seek relief from the Court. Until the expiration of the 10-day period identified in this paragraph or, if application is made to the Court, until disposition of that application by the Court, the Receiving Party shall not disclose to any person, other than those persons who had it in their possession prior to receipt of the notice from the Producing Party, a document for which a claim of privilege or immunity is made pursuant to this paragraph.

26. *Filing under seal.* The Parties shall follow the filing procedures set forth in D.C.COLO. L. Civ. R. 7.2 which currently provides as follows. The Parties shall follow the filing procedures in any amended version of Local Rule 7.2 adopted after entry of this order. [handwritten initials: KLM] Any motion to seal or restrict public access shall address, at a minimum:

    1. the nature of the material or the proceeding at issue;

    2. the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;

    3. the clearly defined and serious injury that would result if the relief sought is not granted; and

    4. why a less restrictive alternative (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits) to the relief sought is not practicable or would not adequately protect the interest in question.

27. *Use of information in court proceedings.* Any Receiving Party that knows that it intends to present Protected Information of another Party or Non-Party in oral form at trial, or

during any pre- or post-trial hearing, shall provide notice a reasonable time in advance to the Court and to the Producing Party. Because of the policy favoring public attendance at judicial proceedings, the Parties are strongly encouraged to agree on procedures that will minimize the presentation of Protected Information in open court. In appropriate circumstances such procedures might include, *e.g.,* submission of written testimony under seal, presentation of "declassified" summaries of "CONFIDENTIAL INFORMATION" and the like. The Court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all Parties, the fact that information has been designated as Protected Information shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

28.     *Disposition of documents, etc., after final termination*

(a)     Except as set forth below, within sixty (60) days of final termination of this action, the attorneys of record for each Receiving Party shall return to each Producing Party or its attorneys of record, at the expense of the Producing Party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the Producing Party and that have been identified as Protected Information pursuant to this Order. At the option of the Producing Party, such documents received by the Receiving Party may be destroyed in lieu of being returned to the Producing Party. Counsel for each Party must certify compliance with this subparagraph within this 60-day period.

(b)     Notwithstanding subparagraph (a), the attorneys of record for a Party may maintain a set of pleadings, briefs, and similar papers filed with the Court, including all exhibits marked in discovery or at trial. The above-described pleadings, briefs and similar papers filed

with the Court and exhibits marked in discovery or at trial may be retained in confidence under the terms of this Stipulated Protective Order by the outside counsel for the Party.

29.   *No waiver of right or obligation to object to production.*  Nothing contained in this Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.  The entry of this Order shall not be construed as an agreement by any Party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

30.   *Protection of Non-Parties.*  In the event that a Party seeks discovery from a Non-Party to this action, the Non-Party may, by signing a document in substantially the form of **Exhibit B** attached hereto, invoke the terms of this Order in writing to all Parties to the action with respect to any Protected Information to be provided to the requesting Party by the Non-Party.  When serving subpoenas on Non-Parties that potentially call for the disclosure of Protected Information, a copy of this order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Order.

31.   *Continuing jurisdiction.*  This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties hereto, and of any person or entity who executes a copy of **Exhibit A** or **Exhibit B**, ~~indefinitely~~ as to any dispute between or among any of them regarding improper use of information disclosed pursuant to this Order.

*KLM*

32.  *Requests for additional protection.*  This Order shall be without prejudice to the right of the Parties to request additional protection under Fed. R. Civ. P. 26(c), for discovery requests made by any Party.

33.  *Additional Parties.*  The terms of this Order shall be binding on all current and future Parties to the litigation and their counsel.  Within ten (10) days of the entry of appearance by a new Party to this litigation, Plaintiff's counsel shall serve a copy of this Order on such new Party's counsel, if any.

Dated this  9th  day of  August , 2011.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED TO** this ____ day of August, 2011.

| HOLME, ROBERTS & OWEN, LLP | LINDQUIST & VENNUM PLLP |
|---|---|
| s/Neal S. Cohen | s/Bruce H. Little |
| Neal S. Cohen<br>1801 13th Street, Suite 300<br>Boulder, CO 80302<br>303-444-5955<br>neal.cohen@hro.com | Bruce H. Little<br>4200 IDS Center<br>80 South Eight Street<br>Minneapolis, MN 55402<br>612-371-3211<br>blittle@lindquist.com |
| Erin A. Kelly<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203-4541<br>Phone: 303-861-7000<br>Fax: 303-866-0200<br>E-mail: ekelly@hro.com | John A. Chanin<br>600 17th Street, Suite 1800 South<br>Denver, CO 80202<br>303-573-5900<br>jchanin@lindquist.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

# EXHIBIT A:
## UNDERTAKING PURSUANT TO AGREED PROTECTIVE ORDER

1.     I, the person named below, declare that the following information is true:

    a.     Name:

    b.     Address:

    c.     Employer name and address:

    d.     Title:

    e.     Occupation/job description:

    f.     Other work, if any (*e.g.,* consulting):

    g.     Past or present relationship to plaintiff(s) or defendant(s), if any:

    h.     I am executing this undertaking on behalf of (check all that are applicable): ____ myself ____ my employer

    i.     My employer __ is __ is not a Service Bureau (see paragraph 9 of the protective order (the "Protective Order") in this action.

2.     I have received a copy of the agreed Protective Order in this action.

3.     I have carefully read and understand the provisions of the Protective Order. I agree to be bound by it, and I specifically agree that I will not use or disclose to anyone any of the contents of any Protected Information received under the protection of the Protective Order in violation thereof.

4.     I understand that I am to retain in a container, cabinet, drawer, room or other safe place in a matter consistent with the Protective Order all copies of any of the materials that I receive that have been designated as Protected Information and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such

17

return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

     5.     If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Protective Order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

     6.     If my employer is a Service Bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to Protected Information under the Protective Order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.

     EXECUTED UNDER PENALTY OF PERJURY under the laws of the United States of America on _____, 20\_\_, at _____ in the State of _____.

_____
(Signature)

# EXHIBIT B:

## THIRD PARTY AGREEMENT TO PROTECTIVE ORDER

_____, as a Non-Party to *Apogee Scientific, Inc., v. Tekran Instruments Corporation, and TSI, Incorporated,* USDC Colorado Civil Action No. 11-cv-00873-WJM-KLM (the "Civil Action"), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" as defined in the Stipulated Protective Order entered in the Civil Action.

_____, therefore, agrees, to the terms and conditions of the Stipulated Protective Order entered in the Civil Action to appropriately protect this information from improper disclosure.


Date:_____                              _____
                                                                                           Individual/Company

                                                              By:    _____
                                                                                           Signature

                                                              Its:   _____
                                                                                           Title